UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANDRE BAILEY, | ) | CASE NO.1:08CV1955 |
| | ) | 5:07CR320 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA | ) | OPINION AND ORDER |
| | ) | |
| Respondent. | ) | |

### CHRISTOPHER A. BOYKO, J:

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. §2255 (ECF # 17). Petitioner contends the Government and Court lacked subject matter, territorial, or admiralty jurisdiction. For the following reasons, the Court denies Petitioner's Motion.

### FACTS

On July 31, 2007, a Federal Grand Jury returned a two count superseding indictment, charging Petitioner with two counts of Felon in Possession of a Firearm, in

1

violation of Title 18, Section 922(g)(1), United States Code.  On October 18, 2007, Petitioner entered a plea of guilty to the superseding indictment. On January 11, 2008, he was sentenced to 25 months imprisonment on each count to be served concurrently, followed by three years of supervised release.  The fine was waived and Petitioner was ordered to pay a special assessment of $200.00.

## STANDARD OF REVIEW

"Under 28 U.S.C. § 2255, '[a] prisoner in custody under sentence of a [federal] court ⋯ claiming the right to be released ⋯ may move the court which imposed the sentence to vacate, set aside or correct the sentence.' In order to prevail upon a 2255 motion, the movant must allege as a basis for relief: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" *Mallett v. United States,* 334 F.3d 496-497 (6th Cir. 2003) quoting *Weinberger v. United States,* 268 F.3d 346, 351 (6th Cir.2001).

## ANALYSIS

Petitioner moves for relief on the grounds the Government and Court lacked subject matter, territorial, or admiralty jurisdiction based on the nature of the charged offense, Title 18, U.S.C., section 922(g), Felon in Possession.  Title 28, Section 2255, United States Code, sets forth four grounds upon which a federal prisoner may base a claim for relief: "(1) that the sentence was imposed in violation of the Constitution or the

laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; and (4) that the sentence is otherwise subject to collateral attack." *Hill v. United States*, 368 U.S. 424, 426-27 (1962). A petitioner seeking to vacate a sentence or judgment pursuant to Section 2255 has the burden of sustaining his contentions by a preponderance of the evidence. *United States v. Wright*, 624 F.2d 557, 558 (5th Cir. 1980).

As the Government correctly points out, § 2255 does not reach alleged errors which are not of constitutional or jurisdictional magnitude and which could have been reached by a direct appeal. *United States v. Prince*, 868 F.2d 1379, 1382 (5th Cir.), cert. denied, 493 U.S. 932 (1989). To warrant relief under § 2255, a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict. *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003).

Petitioner contends the district court lacked subject matter jurisdiction since the superseding indictment did not allege the offenses occurred on property owned by or ceded to the United States. The Government points out, and this Court agrees, that Petitioner is incorrect in representing the territorial reach of the criminal statute under which he was prosecuted. Petitioner's jurisdictional argument fails to differentiate federal laws proscribing acts committed within the sole and exclusive jurisdiction of the United States, i.e., the federal enclave statutes, from federal criminal laws of general applicability. *See generally Stone v. United States*, 506 F.2d 561, 562 (8th Cir. 1974). The Government again correctly points out, in federal enclave statutes, a showing is

required that the offense occurred within the "special maritime and territorial jurisdiction of the United States," as defined in 18 U.S.C. § 7, see, e.g., 18 U.S.C. § 13; 18 U.S.C. § 113; 18 U.S.C. § 114, general federal criminal statutes "make actions criminal wherever committed," *Stone*, 506 F.2d at 561, "on or off federal enclaves." *United States v. Butler*, 541 F.2d 730, 733 (8th Cir. 1976).

This Court agrees that the statute underlying Petitioner's conviction on Counts 1 and 2 of the Indictment - 18 U.S.C. § 922(g)(1) - is a federal law of general applicability. *See United States v.Yannott,* 42 F.3d at 1004; *Butler*, 541 F.2d at 733 (construing predecessor provision to § 922(g)(1)); *United States v. Peltier*, 344 F. Supp.2d 539, 543-44 (E.D. Mich. 2004) (construing 18 U.S.C. § 922(k)). Unlike the federal enclave statutes, § 922(g)(1) does not fall within the class of "federal laws where the situs of the crime is an element of the offense." *Yannott*, 42 F.3d at 1004. To the contrary, § 922(g)(1) is a federal law "of general applicability that make[s] certain actions criminal regardless of where they are committed." Id.

As § 922(g)(1) is a federal criminal law of general applicability, its reach extends to the offenses in question, which were committed within the geographic limits of the Northern District of Ohio, regardless of whether the crimes occurred on lands owned by or ceded to the United States. Therefore, this Court agrees that it was not necessary for the superseding indictment to include allegations reflecting federal ownership of, or control over, the properties where the crimes were committed. Petitioner's argument that equates § 922(g)(1) to federal enclave statutes where the situs of the crime is a jurisdictional element, is without merit.

Petitioner's argument that Congress' authority to enact criminal sanctions is confined to offenses occurring on federally owned lands and properties is also without merit.  As the Government correctly points out, Congress has conferred upon the district courts original jurisdiction over "all offenses against the laws of the United States," 18 U.S.C. § 3231, and a violation of § 922(g)(1) is clearly an "offense against the laws of the United States." 18 U.S.C. §3231. *See United States v.Bahhur*, 200 F. 3d at 923.  Congress was empowered under the Commerce Clause of the United States Constitution, Art I, § 8, cl. 3, to enact § 922(g)(1) pursuant to its power to "regulate Commerce . . . among the several States." *United States v. Chesney*, 86 F.3d 564 (6th Cir. 1996)  (upholding § 922(g)(1) as a valid exercise of legislative power under the Commerce Clause); *United States v. Turner*, 77 F.3d 887 (6th Cir. 1996).

Congress' power under the Commerce Clause extends to a broad range of intrastate activities having a connection with or an effect on interstate commerce. *United States v. Lopez*, 514 U.S. 549 (1995).  Both counts of the superseding indictment allege that Petitioner possessed firearms "in or affecting interstate and foreign commerce."  The Government contends they were prepared to prove that each of the two listed firearms were manufactured outside the State of Ohio.  The Government also contends, and this Court agrees, that these circumstances are sufficient to satisfy § 922(g)(1)'s jurisdictional element and to furnish a "sufficient nexus" between Petitioner's conduct and interstate commerce "to allow Congress to regulate [that] conduct pursuant to the Commerce Clause." *Chesney*, 86 F.3d at 570-72. *Accord*, *United States v. Sawyer*, 409 F.3d 732, 735-36 (6th Cir. 2005).

Therefore, for the foregoing reasons, the Court finds Petitioner has failed to demonstrate the Government and Court lacked subject matter, territorial, or admiralty jurisdiction. Petitioner's Motion to Vacate is denied.

Furthermore, the Court declines to issue a certificate of appealability.

28 U.S.C. §2253(c) states:

**(c)(1)** Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--

**(A)** the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

**(B)** the final order in a proceeding under section 2255.

**(2)** A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

**(3)** The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In *Slack v. McDaniel*, 529 U.S. 473, 483-4 (2000) the Supreme Court held,

> To obtain a COA under 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot,* includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were " 'adequate to deserve encouragement to proceed further.' " (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 n. 4 (1983) superceded by statute.

Since this Court has determined the claims made by Petitioner in his Motion to Vacate are meritless, Petitioner has failed to make a substantial showing of the denial of constitutional right. Therefore, the Court will not issue a certificate of appealability.

    IT IS SO ORDERED.


_12/22/2008_____          s/Christopher A. Boyko_____
Date                                         CHRISTOPHER A. BOYKO
                                             United States District Judge